# NO. 12-19-00238-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | *§* | |
| *CRAIG MACK,* | *§* | *ORIGINAL PROCEEDING* |
| *RELATOR* | *§* | |

### MEMORANDUM OPINION
### PER CURIAM

Relator Craig Mack, acting pro se, filed this original proceeding to seek a writ of mandamus compelling Respondent to file written responses to Relator's legal documents.[1]

On June 21, 2019, the Clerk of this Court notified Relator that his petition for writ of mandamus failed to comply with Texas Rules of Appellate Procedure 52.2, 52.3(a)-(g), 52.3(k), 52.7, and 9.5. The notice further informed Relator that his petition would be referred to the Court for dismissal unless he provided an amended petition and the record on or before July 1. This deadline passed and Relator has not filed a mandamus record or amended petition with this Court to correct the defects identified in the June 21 notice.

A party seeking mandamus relief must bring forward all that is necessary to establish his claim for mandamus relief. *See* TEX. R. APP. P. 52. This entails filing a petition that includes the identity of parties and counsel, a table of contents, an index of authorities, a statement of the case, a statement of jurisdiction, issues presented, a statement of facts, and an appendix. TEX. R. APP. P. 52.3(a)-(g), (k). Additionally, Texas Rule of Appellate Procedure 52.7 requires the relator to file a record as part of his petition in an original proceeding. *See* TEX. R. APP. P. 52.7. Specifically, a relator must file (1) a certified or sworn copy of every document that is material to his claim for relief and that was filed in any underlying proceeding; and (2) "a properly authenticated transcript

---

[1] Respondent is the Honorable C. Michael Davis, Judge of the 369th District Court in Anderson County, Texas. Bryan Collier, Hillis R. Wilcox, and Kisha Stotts are the Real Parties in Interest.

of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a).

It is a relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief. *In re Daisy*, No. 12-13-00266-CR, 2014 WL 5577068, at *2 (Tex. App.—Tyler Aug. 29, 2014, orig. proceeding) (mem. op., not designated for publication). In this case, Relator did not provide the record in accordance with Rule 52.7. Absent a record, this Court cannot determine whether Relator is entitled to mandamus relief. *See In re McCreary*, No. 12-15-00067-CR, 2015 WL 1395783 (Tex. App.—Tyler Mar. 25, 2015, orig. proceeding) (mem. op., not designated for publication).

Accordingly, because Relator's petition fails to comply with the appellate rules, he presents nothing for this Court to review. We, therefore, ***deny*** his petition for writ of mandamus.

Opinion delivered July 10, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 10, 2019

NO. 12-19-00238-CV

**CRAIG MACK,**
Relator
V.

**HON. C. MICHAEL DAVIS,**
Respondent

___

## ORIGINAL PROCEEDING

___

ON THIS DAY came to be heard the petition for writ of mandamus filed by Craig Mack; who is the relator in appellate cause number 12-19-00238-CV and a party in trial court cause number DCCV19-0862-369, pending on the docket of the 369th Judicial District Court of Anderson County, Texas. Said petition for writ of mandamus having been filed herein on June 21, 2019, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*